Booth, Chief Justice,
delivered the opinion:
This case is in most respects one of fact. We think the commissioner’s findings are correct. The plaintiff entered into a verbal agreement to supply Camp Bowie, Fort Worth, Texas, with wood. The contract was to expire on June 30, 1918, and was an emergency agreement made necessary by unusually severe weather conditions obtaining in and around Fort Worth during the winter 1917-1918. A constant supply of wood was essential for use in cooking and for heating tents and hospitals.
The emergency was so acute that in the month of October, 1911, the camp quartermaster confiscated all wood in the railroad yards at Fort Worth. The plaintiff under his agreement supplied the wood he contracted to deliver; no dissent from this proposition appears of record. He was paid the contract price of $6.50 per cord for the wood furnished until after April 3, 1918. Subsequent to this date he was paid only $6.00 per cord for wood delivered, which sum he accepted under protest, claiming $6.50 per cord therefor. *471 This suit is for the recovery of fifty cents per cord for 10,002 cords of wood admittedly delivered under the contract. The reason assigned for the payments made by the defendant after April 3, 1918, is that the contract provided for the payment of $6.50 per cord up to March 1, 1918, and $6.00 per cord thereafter. The record fails to sustain the defendant’s contention. The testimony adduced to contradict the plaintiff’s positive statements of the terms of the contract is not convincing, in view of the written memorandum respecting the sale and delivery of the wood, and in the absence of any reasonable explanation as to the reason for furnishing the wood at a less price per cord than was paid up to April 3, 1918. The wood furnished was of precisely the same kind, to be used for the same purposes, and was of the same value. Testimony in opposition to plaintiff’s claim was given long after the event from creditable witnesses, it is true, but from witnesses whose activities during the time involved were varied and strenuous, covering a multitude of subjects other than wood, and who admit a certain degree of vagueness in recalling specifically the details of the transaction. St. Louis Hay & Grain Co. v. United States, 191 U. S. 159; Ackerlind v. United States, 240 U. S. 531.
We think the plaintiff has established his right to recover under the contract.
Judgment for the plaintiff for $5,001. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and GkeeN, Judge, concur.